# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PAUL RAYFORD, )
)
      Petitioner/Defendant, )
)
v. ) Case Nos. 09-20143-2-CM
) 11-2477-CM
)
UNITED STATES OF AMERICA, )
)
      Respondent/Plaintiff. )
_____)

## MEMORANDUM AND ORDER

Petitioner, Paul Rayford, pleaded guilty to one count of attempted bank robbery and two counts of possession of a firearm. Mr. Rayford petitions the court to vacate or amend his sentence because the court mistakenly added two criminal history points to his sentence calculation based on two prior drug offenses he believes were not separated by an intervening arrest. Mr. Rayford brought this same issue before the Tenth Circuit Court of Appeals in his direct appeal. Unless there is an intervening change in law, the district court cannot address issues in a § 2255 motion already brought before and decided on by the appellate court. Therefore, the court cannot grant Mr. Rayford's request to vacate or amend his sentence.

I.    **Factual and Procedural Background**

The Federal Bureau of Investigation ("FBI") received information that potential robbers were going to rob the Interstate Federal Savings Bank at 1919 N. 78th St., Kansas City, Kansas. Agents informed bank employees who then locked the doors of the bank and hid safely in the bank vault. Three men, including petitioner, approached the locked bank door, where they were arrested by agents. Prior to the arrest, agents also observed Mr. Rayford driving a stolen vehicle, wearing a

bullet proof vest. After petitioner was arrested, agents recovered two loaded weapons in the vehicle Mr. Rayford had been observed driving.

Petitioner pleaded guilty without a plea agreement to Counts 1, 2 and 3 of the Indictment, Attempted Bank Robbery in violation of 18 U.S.C. § 2113, and two counts of Carrying and Using a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c). Petitioner was sentenced on July 28, 2010 to a total term of 144 months imprisonment.

Petitioner appealed his conviction. The Tenth Circuit dismissed his appeal, allowing counsel to withdraw due to the frivolous basis for petitioner's appeal. Petitioner now timely submits this § 2255 motion.

## II. Legal Standard and Analysis

In *United States v. Hahn*, the Tenth Circuit established a three-pronged test for reviewing cases brought under 28 U.S.C. § 2255 after a petitioner has waived his right to collaterally attack aspects of his case: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as [defined] herein." 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d, 886, 890–92 (8th Cir. 2003)). Regardless, petitioner cannot collaterally attack issues disposed of or prior decisions of the Tenth Circuit absent an intervening change of law in the circuit. *United States v. Smith*, No. 04-20043-CM, 2007 WL 3353402, at *2 (D. Kan. Nov. 7, 2007) (citing *United States v. Prichard*, 875 F.2d 789, 790–91 (10th Cir. 1989); *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978)).

Petitioner claims that the court awarded two additional unwarranted criminal history points. Mr. Rayford asserts that the court should not have imposed the two additional criminal history points

-2-

based on the two prior drug offenses charged in one document, sentenced on the same day and in front of the same judge. He argues that pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4A1.2(a)(2), prior sentences should be counted separately only if the sentence imposed was separated by an intervening arrest.

Mr. Rayford has not demonstrated any intervening change of law in the circuit that would allow this court to decide this claim that he previously raised on appeal. And, although the government responded with arguments regarding the issue presented, this court will not address Mr. Rayford's claim in depth. The Tenth Circuit issued a lengthy opinion regarding the disposition of Mr. Rayford's claims on appeal, and this court does not believe it needs to rehash the law governing petitioner's claims here. Therefore, the court dismisses Mr. Rayford's motion.

## C. Evidentiary Hearing Request

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

## D. Certification of Appeal

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable

jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** petitioner's Motion Pursuant to Title 28 U.S.C. § 2255 (Doc. 124) is dismissed.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied as to petitioner's § 2255 motion.

Dated this 7th day of December, 2011 at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**